M. R. VINCENT, First Exchange Bank, Mannington, West Virginia, et al., Appellants,
v.
SMALL BUSINESS ADMINISTRATION, and United States of America, Appellees.

No. 12410.

United States Court of Appeals Fourth Circuit.

Oct. 31, 1968.

A. Blake Billingslea, George W. May and Harry R. Cronin, Jr., Fairmont, W. Va., on brief, for appellants.

Edwin L. Weisl, Jr., Asst. Atty. Gen., John C. Eldridge, and Patricia S. Baptiste, Attys., Dept. of Justice, and Milton J. Ferguson, U. S. Atty., on brief, for appellees.

Before SOBELOFF and BRYAN, Circuit Judges, and HUTCHESON, District Judge.

PER CURIAM:

In this creditors' suit, instituted October 15, 1964 in an appropriate State court of West Virginia, notice was sent to the Small Business Administration on December 2, 1966 by the commissioner of reference, advising that he would proceed on December 19, 1966 to excute the decree requiring him to state the liens on the real estate involved in the suit. On December 15, 1966 the SBA placed with the commissioner a proof of claim showing that the defendant debtor owed the United States the sum of $61,812.50 and interest, represented by notes held by SBA. This indebtedness, the claim alleged, was secured by a deed of trust on this property.

An amended complaint was filed on July 31, 1967 in the State court naming SBA and the United States as additional parties defendant. Also on July 31, 1967, at the instance of the plaintiffs, an injunction was granted by the State court restraining the trustee therein from foreclosing the deed of trust securing the amounts owing the United States. On August 23, 1967, SBA and the United States filed in the United States District Court for the Southern District of West Virginia a notice, together with a proper petition, of the removal of the cause to that Court. Thereafter the District Court, upon motion of the United States and the Small Business Administration, dissolved the injunction as precluded by the Small Business Act, 15 U.S.C. § 634 (b) (1), infra. This order, issued March 15, 1968, is the subject of this appeal.

Appellants first attack the jurisdiction of the District Court. They say the removal petition, filed on August 23, 1967, came too late, arguing that the limitation of 30 days fixed for removal by the statute, 28 U.S.C. § 1446(b), began with the presentation of SBA's claim to the State court commissioner, on December 15, 1966, rather than from the filing of the amended complaint on July 31, 1967, which added the United States and SBA as parties defendant. As the removal was complete on August 23, 1967, the immediate answer to this contention is in the statute itself:

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy

of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."
28 U.S.C. § 1446(b).

With reference to the dissolution of the injunction, it is sufficient to quote the Small Business Act, 15 U.S.C. § 634(b) (1), which as far as pertinent here declares:

"* * * [N]o attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property; * * *."

We see no force in appellants' charge of unconstitutionality against this statute.

As the correctness of the District Court's decision is apparent, its decree will be affirmed without argument of the appeal.

Affirmed.