W. Earl DUNCAN, James R. Duncan, Hoyt P. Piver, and Avery A. Piver, Appellants,

v.

FURROW AUCTION COMPANY, Advancement, Inc., Glenn Penninger, and Small Business Administration, Appellees.

No. 76–1550.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 16, 1977.

Decided Oct. 20, 1977.

Ralph C. Jorgensen, Tabor City, N. C., for appellants.

Joseph W. Dean, Asst. U. S. Atty., Raleigh, N. C. (Carl L. Tilghman, U. S. Atty.,

Christine A. Witcover, Asst. U. S. Atty., Raleigh, N. C., on brief), for appellees.

Before CRAVEN * and WIDENER, Circuit Judges, and COPENHAVER,** District Judge.

WIDENER, Circuit Judge:

Plaintiff-appellants, Duncan, et al, owners of 80 percent of the capital stock of Auto Vac Company, Inc., brought this action in the North Carolina state courts to enjoin foreclosure sales under deeds of trust of Auto Vac's property by defendant-appellees, Glenn Penninger (an employee of the Small Business Administration), Advancement, Inc. (a note holder), and Furrow Auction Company (the auctioneer). Plaintiffs alleged that defendants, Advancement and Penninger, contrary to prior assurances, refused to accept plaintiffs' checks tendered in full payment of the indebtedness in exchange for an assignment of the deeds of trust.

The state court issued a temporary restraining order which plaintiffs served only on the Auction Company after the auction had been completed but before the property, or at least a part thereof, had been delivered to the purchaser. The Small Business Administration then intervened and Penninger removed the case to the federal court, where the district judge ordered the United States Marshal to seize such undelivered personal property.

At the conclusion of a hearing, the district court dissolved the TRO, dismissed the complaint against defendant Penninger and the SBA, denied the motion for a preliminary injunction and remanded the case to the state court.[1] Plaintiffs appeal.

Because we find no difference in substance between this case and *Vincent v. Small Business Administration*, 402 F.2d 769 (4th Cir. 1968), we affirm.

In *Vincent,* plaintiffs sought an injunction in the state court against a trustee from foreclosing a deed of trust securing notes held by the SBA. An amended complaint named the SBA and the United States as additional parties, who then removed the action to federal court after the state court granted the injunction. This court affirmed the district court's order which dissolved the injunction under 15 U.S.C. § 634(b)(1), which reads in pertinent part:

".  .  . [N]o attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property; .  .  ."

In the case now before us, the SBA's security instrument is not included in the record, but from its description in the notice of public foreclosure sale and the briefs, it appears to be a chattel mortgage or deed of trust filed by financing statements in the office of the Register of Deeds, Columbus County, North Carolina.

Two of the defendants are Furrow Auction Company, the "auctioneer hired by the SBA and by Advancement," and Glenn Penninger, "the agent, servant and/or employee of the SBA supervising the sale." We see no difference of legal effect here in a foreclosure of the SBA's chattel mortgage

---

* Judge Craven participated in the decision of this case but died before the opinion was prepared.

** United States District Court for the Southern District of West Virginia, sitting by designation.

1. No question is made with respect to remand, and we express no opinion on it. For the proposition that when the claim which is the basis for removal is dismissed, the district court has discretion to either retain jurisdiction and decide the case on the merits or to remand the case to the state court from whence it came, see *Watkins v. Grover,* 508 F.2d 920 (9th Cir. 1974), and *Murphy v. Kodz,* 351 F.2d 163 (9th Cir. 1965), both of which involved removal of the claim under 28 U.S.C. § 1442 by a federal officer and the subsequent dismissal of the claim against the officer. See also Wright, Miller, and Cooper, *Federal Practice and Procedure,* § 3739; Wright on *Federal Courts,* 3rd Ed. (1976), § 41. For non-review of order of remand, see 28 U.S.C. § 1447(d); Wright, Miller, and Cooper, § 3740.

or deed of trust by the SBA's agents, and a foreclosure of the SBA's deed of trust by the trustee in *Vincent.*

■ Appellants argue that 15 U.S.C. § 634(b)(1) and (2) must be read together so that, in effect, the Administrator may be enjoined if he does not act reasonably in selling collateral which secures SBA notes.[2] We express no opinion on the correctness of plaintiffs proposed construction of the statute except to say that nothing required the Administrator to accept plaintiffs' offer to purchase the notes rather than to proceed with the foreclosure. Nothing indicates that this was unreasonable. Since there is nothing to show that the Administrator acted unreasonably, we will not speculate on what might be the result if he did.

■ Because we find 15 U.S.C. § 634(b)(1) prohibits an injunction, which was all the relief asked for, against the SBA, Furrow Auction Company as the agent of the SBA, and Glenn Penninger, we do not consider the other issues in this appeal.

The judgment of the district court is accordingly

*AFFIRMED.*

---

**2.** 15 U.S.C. § 634(b)(2) reads as follows:

[the Administrator may]

(2) under regulations prescribed by him, assign or sell at public or private sale, or otherwise dispose of for cash or credit, in his discretion and upon such terms and conditions and for such consideration as the Administrator shall determine to be reasonable, any evidence of debt, contract, claim, personal property, or security assigned to or held by him in connection with the payment of loans granted under this chapter, and to collect or compromise all obligations assigned to or held by him and all legal or equitable rights accruing to him in connection with the payment of such loans until such time as such obligations may be referred to the Attorney General for suit or collection.