**Martin GILFORD, Maria Gilford, M.C.E. Service and Support Company, Inc., Plaintiffs,**

**v.**

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 82–K–595.**

United States District Court, D.Colorado.

Oct. 21, 1983.

United States District Court for the Eastern District of Michigan.

Robert C. Erler, Barash & LeHouilier, Colorado Springs, Colo., for plaintiffs.

Robert N. Miller, U.S. Atty., James W. Winchester, Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this action the plaintiffs, ("Gilford") seek money damages for and judicial review of a Small Business Administration decision denying them a promised loan of $150,000. In substance, Gilford claims that the SBA first authorized a $150,000 loan to their food services corporation on January 25, 1975, then cancelled it without explanation shortly thereafter.

Three claims for relief are made: for review of and money damages for the SBA's refusal to close the loan; for breach of contract on a promissory estoppel theory; and for violation of the Civil Rights Acts of 1870 and 1964, 42 U.S.C. §§ 1981 and 2000d. Jurisdiction is predicated, in part, upon 15 U.S.C. § 634. The matter comes before me on the government's motion for summary judgment as to counts I and II. Since I find all of the government's arguments to be without merit, I deny the motion.

### COUNT I

The government claims that money damages are not available in a suit against the SBA. It also claims that the Administrator's decisions are not open to judicial review. I disagree. Title 15 U.S.C. § 634(b)(1) expressly permits the SBA administrator *to sue and be sued* in any United States District Court without regard to the amount in controversy. The right to bring an action for money damages and review in such a situation has been consistently upheld, in this and other jurisdictions. *Mar v. Kleppe*, 520 F.2d 867 (10th Cir.1975); *Romeo v. United States*, 462 F.2d 1036 (5th Cir.1972); *Palmer v. Weaver*, 512 F.Supp. 281 (E.D.Pa.1981).

### COUNT II

The government argues that Count II must be dismissed either because it is a "cause of action of obscure origin" or because of the doctrine of laches. In essence, the second claim for relief alleges that the

SBA represented to the plaintiffs that it would grant and process the $150,000 loan; that the SBA knew the plaintiffs were going to renew certain business commitments if the loan were approved; and that the plaintiffs justifiably relied upon the SBA's assurances in renewing business contracts, all to their detriment, damage, and loss of business reputation.

■ The government, in its brief, suggests that Gilford is attempting to state a claim for equitable estoppel, to which it would be immune because the acts of the government's agents were unauthorized. *See, e.g., Armstrong v. United States,* 516 F.Supp. 1252 (D.Colo.1981) (Kane, J.) This argument fails to distinguish between equitable and promissory estoppel. Equitable estoppel prevents a party from asserting a right it otherwise would have available, while promissory estoppel creates an affirmative cause of action. As the Ninth Circuit put it:

> The difference between the doctrines can best be explained by observing that promissory estoppel is used to create a cause of action, whereas equitable estoppel is used to bar a party from raising a defense or objection it otherwise would have, or from instituting an action which it is entitled to institute. Promissory estoppel is a sword, and equitable estoppel is a shield.

*Jablon v. United States,* 657 F.2d 1064, 1068 (9th Cir.1981).

There is only limited authority for an independent cause of action against the government founded upon a theory of promissory estoppel. *Reamer v. United States,* 532 F.2d 349 (4th Cir.1976) (Army enlistment contract); *Kaye v. United States,* 467 F.2d 415 (D.C.Cir.1972) (government employment): *Putnam Mills Corp. v. United States,* 432 F.2d 553 (2d Cir.1970) (dicta).

■ Here, however, the statute's only limitation on suits against the government is that "no attachment, injunction, garnishment, or other similar process ... be issued...." 15 U.S.C. § 634(b)(1). *Expressio unius exclusio alter est.* An action founded on promissory estoppel is an action at law. *Jablon, supra,* is not inapposite. That case arose under the *Tucker Act,* which permits actions against the government founded upon express or implied-in-fact contracts. *See* 28 U.S.C. § 1346; *Radioptics, Inc. v. United States,* 621 F.2d 1113, 1129, 223 Ct.Cl. 594 (1980). Given the far broader language of 15 U.S.C. § 634, I can only conclude that an action founded upon promissory estoppel will lie against the S.B.A.

■ The government also argues that the second cause of action must be dismissed for laches. The government's affidavits establish that standard operating procedure at the SBA is to destroy loan files two years after final notification to the applicant. Gilford's loan documents were destroyed on November 3, 1980. This fact, standing alone, is not enough to justify summary judgment.

■ It is undisputed that the action was filed within the statute of limitations. Mere delay in filing an action at law will rarely implicate the equitable defense of laches, absent bad faith or intentional and unreasonable procrastination. *See Standard Oil Co. of California v. United States,* 685 F.2d 1322 (Ct.Cl.1982); *Hunt v. Pick,* 240 F.2d 782 (10th Cir.1957). Gilford's affidavit establishes that the delay in bringing suit was due to the near financial ruin brought about by the SBA's failure to grant him a loan, leaving him unable to afford an attorney. Under such circumstances, laches will not stand.

IT IS HEREBY ORDERED that the motion for summary judgment is denied.