**HICKS & INGLE COMPANY OF VIRGINIA, INC., Plaintiff,**

**and**

**J.C. Driskill, Inc., Intervening Plaintiff,**

**v.**

**James ABDNOR, In His Official Capacity as Administrator of the Small Business Administration, United States Small Business Administration, Jerry E. Bradshaw and Steve Nelson, Defendants.**

**Civ. A. No. 88–282–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 11, 1989.

Robert R. MacMillan and Michael T. Zugelder, Breeden, MacMillan and Green, Norfolk, Va., for plaintiffs.

J. Phillip Krajewski, Asst. U.S. Atty., Norfolk, Va., Mark K. Stephens, Trial Atty., Small Business Admin., Washington, D.C., and Stran L. Trout, Dist. Counsel, Small Business Admin., Richmond, Va., for Abdnor and Small Business Admin.

M.T. Bohannon, Jr., Bohannon, Bohannon & Hancock, Norfolk, Va., for intervening plaintiff J.C. Driskill, Inc.

No attorney of record for Jerry E. Bradshaw or Steve Nelson.

### MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on a Motion to Dismiss, or in the Alternative for

Summary Judgment, filed by defendants James Abdnor and the United States Small Business Administration (SBA). The plaintiff Hicks & Ingle Company of Virginia, Inc. (Hicks & Ingle) and the intervening plaintiff J.C. Driskill, Inc. (Driskill) have responded, and therefore the defendants' Motions are ripe for disposition.

The original Complaint filed by plaintiff Hicks & Ingle alleges the following facts. On December 31, 1986 the United States Department of the Navy, acting through the Naval Facilities Engineering Command at Norfolk, Virginia awarded United States Government Contract No. N62470–83–B–3280 to defendant SBA. The contract named defendant SBA as the prime contractor for the construction of the Pay and Personnel Support Office located at the Naval Air Station, Oceana, Virginia Beach, Virginia. Plaintiff's Complaint further alleges that on December 31, 1986, defendant SBA contracted with Batchelor's Contracting, Inc. (Batchelor), a minority contractor under Section 8(a) of the Small Business Act, 15 U.S.C. § 637(a). On February 26, 1987 defendant SBA received a performance bond and payment bond with a surety affidavit and certificate of sufficiency. The two bonds described defendant Bradshaw and defendant Nelson as individual sureties, and the bonds and surety affidavits were purportedly signed by "Jerry E. Bradshaw" and "Steve Nelson". The plaintiff alleges that these signatures were forgeries.

On May 3, 1987 plaintiff Hicks & Ingle agreed to accept a sub-subcontract award from Batchelor to perform the plumbing, heating, ventilation and air conditioning work on the project for the sum of $242,-800. Plaintiff alleges that it accepted the contract in complete reliance upon defendant SBA's representations that SBA had required Batchelor to provide valid Miller Act Payment and Performance Bonds with sufficient individual sureties. On March 10, 1987 plaintiff began performance under its subcontract and was timely paid by Batchelor through September 1987. Plaintiff alleges that Batchelor has failed to make timely payments to plaintiff for work performed during October, November, December 1987 and January 1988 in the amount of $87,573.16. On September 22, 1987 Batchelor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code.

Plaintiff has brought his Complaint against Abdnor, the SBA and the two individual sureties. Relief is sought against Abdnor and the SBA in Count I of the Complaint and against the two individual sureties in Count II of the Complaint. The individual sureties have never responded to the Complaint and default judgments have been entered against both for the amount claimed in the Complaint. The Court is concerned here only with the Motion of Abdnor and the SBA to dismiss Count I of the Complaint.

The Complaint states that jurisdiction is predicated on 15 U.S.C. § 634(b), the Small Business Act, and 28 U.S.C. § 1331 which gives jurisdiction to this Court in claims arising under the laws of the United States (federal question jurisdiction). There is no claim that at any point in the Complaint that the plaintiff is relying upon, or is seeking recovery under, the Federal Tort Claims Act.

Plaintiff's theory of recovery against Abdnor and the SBA in this case is that those defendants breached their statutory, regulatory and fiduciary duties of care and fair dealing owed to a subcontractor. Plaintiff alleges that under the Small Business Act, 15 U.S.C. §§ 631, *et seq.*, and the Federal Acquisition Regulations, the SBA is required to make specific determinations for the protection of subcontractors. Specifically, plaintiff alleges that defendants awarded the contract to Batchelor without determining the acceptability of the individuals proposed as sureties, and without determining that Batchelor was capable of successfully performing and completing the contract. The plaintiff's allegations of fraud and misrepresentation sound in tort. W. Prosser, *The Law of Torts*, § 105, at 683 (4th ed.1971).

The plaintiff alleges that it gave notice to the SBA and made claims against the SBA under the Miller Act, 40 U.S.C. § 270a, *et seq.* The Miller Act governs the letting of

government contracts and provides for the protection of subcontractors, laborers and material suppliers on government building projects by requiring the prime contractor to post performance and payment bonds. 40 U.S.C. § 270a.

A reading of Count I of the Complaint clearly states an action in tort rather than an action in contract. Additionally, although Count I of the Complaint refers to equitable liens against alleged contract balances being held by the SBA, the prayer for relief at the conclusion of the Complaint asks for a monetary judgment against Abdnor and the SBA. There is no claim or request that this Court file or enforce a lien against Abdnor or the SBA. While the prayer for relief does request "any further relief as to justice and equity seem due," a filing or enforcement of the lien, garnishment or attachment in respect to the SBA is specifically forbidden under 15 U.S.C. § 634(b)(1). The Court finds that the final phrase of Section 634(b)(1) which prohibits any "attachment, injunction, garnishment, or other similar process ... against the Administrator ..." is a limitation on the waiver of sovereign immunity. *Expedient Services, Inc. v. Weaver*, 614 F.2d 56, 58 (5th Cir.1980).

Finally, the Court finds that the limited waiver of immunity in Section 634(b) does not permit the plaintiff to seek a tort recovery under the wrong act. *See, Taylor v. Administrator of the Small Business Administration*, 722 F.2d 105, 109 (5th Cir. 1983); *Shore Contractors, Inc. v. Heatherly*, 705 F.Supp. 293, (E.D.Va.1987) (UP). Plaintiff's tort claims must be brought pursuant to the Federal Tort Claims Act with all of its limitations and safeguards. The Court concludes that the plaintiff's claim against Abdnor and the SBA sound in tort. 28 U.S.C. § 2675(a) provides that an action shall not be instituted against the United States (the SBA is clearly an agency of the United States) "for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the government ... unless the claimant shall first have presented the claim to the appropriate federal agency and

his claim shall have been finally denied by the agency in writing...."

The Court finds that the plaintiff Hicks & Ingle have failed to comply with the Federal Tort Claims Act. Accordingly, this action is DISMISSED without prejudice for lack of jurisdiction.

The Intervening Complaint filed by Driskill sets forth one count against Abdnor and the SBA. There is no count against the sureties Nelson and Bradshaw. Driskill's Intervening Complaint tracks Count I of the original Complaint of Hicks & Ingle in all respects pertinent to the Motion under consideration. The analysis of the Hicks & Ingle Complaint applies to the Driskill Intervening Complaint. Accordingly, the Court finds that the Intervening Complaint alleges a cause of action in tort and therefore is defective in that it does not allege compliance with the Federal Tort Claims Act.

The Court therefore DISMISSES without prejudice the Intervening Complaint of Driskill for lack of jurisdiction.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.