**Ellis R. LEWIS, Plaintiff,**

v.

**FIRSTBANK OF SHINNSTON, a West Virginia corporation, the City of Clarksburg, a West Virginia municipal corporation, James Abdnor, in his official capacity as Administrator of the Small Business Administration, a U.S. Government agency, Thomas Autrice, an individual, and WYK Associates, Inc., a West Virginia corporation, Defendants.**

**Civ. A. No. 88–0105–C(K).**

United States District Court,
N.D. West Virginia.

Jan. 8, 1991.

Thomas W. Rodd, Morgantown, W.Va., Larry Harless, Charleston, W.Va., for plaintiff.

Patrick M. Flatley, Asst. U.S. Atty., Wheeling, W.Va., for Abdnor.

Jeffrey A. Holmstrand, John B. Garden, Wheeling, W.Va., John L. DePolo, City Atty., Clarksburg, W.Va., for City of Clarksburg.

Peter J. Conley, Clarksburg, W.Va., for Autrice Thomas.

Evans L. King, Jr., Ronald H. Hanlan, and James A. Varner, Clarksburg, W.Va., for FirstBank Shinnston.

Alfred J. Lemley, Fairmont, W.Va., for WYK Associates.

---

**MEMORANDUM OPINION AND ORDER**

KIDD, District Judge.

Currently pending is a motion to dismiss and/or for summary judgment filed by defendant James Abdnor, as Administrator of the United States Small Business Administration's ("SBA"). Said motion, having been fully briefed, is ripe for disposition.

In Count V of his complaint, Mr. Lewis alleged, in paragraph 99, that "defendant SBA acted arbitrarily, capriciously and unreasonably towards the plaintiff, abused its discretion and violated his rights to due process of law under the Fifth and Fourteenth [1] Amendments to the Constitution of the United States," when it cancelled Mr. Lewis' disaster loan and refused to reinstate it. Mr. Lewis also alleged, in paragraph 101, that "[t]he doctrine of promissory estoppel requires that the defendant SBA grant to the plaintiff loan funds sufficient to prevent the injustice caused to him by such reasonable and detrimental reliance and otherwise make him whole." Jurisdiction of the complaint against SBA is based on 28 U.S.C. § 1331 and 15 U.S.C. § 634(b)(1).

In regard to Mr. Lewis' damages claim based upon his allegation that the SBA acted arbitrarily, capriciously and unreasonably towards the plaintiff, abused its discretion and violated his rights to due process of law under the Fifth Amendment to the Constitution of the United States, the Court is of the opinion that these claims may be only brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, since these claims sound in tort. *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir.1990); *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024 (10th Cir.1989). Since Mr. Lewis has not complied with the FTCA, the Court lacks jurisdiction over these claims.

Having so ruled, the question remains whether 15 U.S.C. § 634(b)(1) permits Mr. Lewis to proceed on his promisso-

---

1. The Fourteenth Amendment to the Constitution of the United States only applies to states, not the federal government.

ry estoppel theory against the SBA. Specifically, the Court must determine whether 15 U.S.C. § 634(B)(1) waives sovereign immunity for promissory estoppel causes of action. In *Jablon v. United States*, 657 F.2d 1064 (9th Cir.1981), the Ninth Circuit held that under the Tucker Act, 28 U.S.C. § 1346, the government did not waive sovereign immunity for an action founded upon promissory estoppel. Like the Tucker Act, 15 U.S.C. § 634(b)(1) is a limited waiver of sovereign immunity "where a contractual agreement is asserted." *Ascot Dinner Theatre v. Small Business Admin., supra* at fn. 5.

Plaintiff relies upon *Gilford v. United States*, 573 F.Supp. 96 (D.Colo.1983), which held that an action founded upon promissory estoppel will lie against the SBA. However, the reasoning in *Gilford* is wrong. *Gilford* based its decision on the premise that "[a]n action founded on promissory estoppel is an action at law." *Gilford supra* at 98. On the contrary, an action founded on promissory estoppel sounds in *equity*. *Nimrod Marketing (Overseas), Ltd. v. Texas Energy Invest. Corp.*, 769 F.2d 1076, 1080 (5th Cir.1985) ("Promissory estoppel is an equitable form of action in which equitable rights alone are recognized."); *First Nat. Bank v. Ford Motor Credit Co.*, 748 F.Supp. 1464, 1472 (D.Colo. 1990) ("The purpose of the promissory estoppel theory is to provide a remedy in equity ...").

Being an equitable remedy, promissory estoppel, like the imposition of an equitable lien, is precluded by 15 U.S.C. § 634(B)(1). *J.C. Driskill, Inc. v. Abdnor, supra* at 386. Therefore, the Court holds that 15 U.S.C. § 634(b)(1) does not waive sovereign immunity for an action founded upon promissory estoppel. Accordingly, plaintiff has failed to state a claim upon which relief can be granted.

It is therefore ORDERED that the SBA's motion be GRANTED and that all claims against the SBA be DISMISSED.

In that the Court finds that there is no just reason for delay, the Court directs entry of judgment, pursuant to Rule 54(b),

Federal Rules of Civil Procedure, in favor of the SBA.