Darlene MATTINGLY,
Plaintiff–Counter–Defendant–Appellee,

v.

UNITED STATES of America,
Defendant–Counterclaimant–Appellant.

Nos. 89–16567, 89–16718.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1991.

Decided July 29, 1991.

---

Michael L. Paup, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-counterclaimant-appellant.

Paul D. Bancroft, Lionel, Sawyer & Collins, Reno, Nev., for plaintiff-counter-defendant-appellee.

Before SCHROEDER, BEEZER and NOONAN, Circuit Judges.

SCHROEDER, Circuit Judge:

In this tax case, the United States appeals from a sanction pursuant to Fed.R. Civ.P. 11, requiring it to pay $1,000 to the Clerk of the District Court. The district court announced the sanction in a published opinion to serve as a public reprimand to the government attorney involved. *Mattingly v. United States*, 711 F.Supp. 1535 (D.Nev.1989). The conduct sanctioned was the filing of a meritless counterclaim seeking to hold the plaintiff-appellee, Darlene Mattingly, liable as a "responsible person" for corporate taxes allegedly owed by her employer. *See* 26 U.S.C. § 6672 (1988) (employee with power to authorize payment may be held personally liable for company's failure to account for and pay withheld payroll taxes). The government eventually conceded that Mattingly was not liable because the government concluded, after a reallocation of payments, that there was no corporate liability. The district court imposed the sanctions because, in its view, the government attorney should have known before filing the counterclaim that Mattingly was not a "responsible person" within the meaning of section 6672.

The government appeals, contending that the district court lacked jurisdiction to impose sanctions because the government is immune as a sovereign from Rule 11 sanctions. In the alternative it argues that, if there is no immunity, the imposition of sanctions in this case was an abuse of discretion because the Justice Department Attorney who filed the counterclaim acted reasonably in concluding, from the file be-

fore him, that Mattingly was a "responsible person." We agree with the government on the latter point.

■ We turn first to the question of jurisdiction. The government contends as its threshold position that it cannot be sanctioned under Rule 11 because the Rules of Civil Procedure do not contain any independent waiver of sovereign immunity. This court has held, however, that when the United States comes into court as a party in a civil suit, it is subject to the Federal Rules of Civil Procedure as any other litigant. *United States v. Gavilan Joint Community College District*, 849 F.2d 1246, 1251 (9th Cir.1988). We held that there is no justification for exempting the United States government from Rule 11 on the ground of sovereign immunity. This conclusion, we noted, was in keeping with our prior holding that the government is subject to the sanction provisions of Rule 37(b). *Id. See United States v. National Medical Enterprises, Inc.*, 792 F.2d 906 (9th Cir.1986). The government is not immune from Rule 11 sanctions.

■ The government next argues that if it is subject to sanctions under Rule 11, the sanctions should be limited to attorneys' fees. It points out that the leading cases involving sanctions against the government did involve the imposition of attorneys' fees. It contends that if there is any basis for sanctioning the government, the basis lies in the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412(b), authorizing the imposition of attorneys' fees in favor of a prevailing party under certain circumstances. That Act, according to the government, serves as a limited waiver of immunity, but does not authorize the imposition of sanctions.

The Rules of Civil Procedure, however, apply by their own force to all litigants before the court. *See* Fed.R.Civ.P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature...."); Fed.R.Civ.P. 81 (listing specific instances where the rules do not apply, and failing to exempt the United States in any way). Rule 11 itself contains no exemption for attorneys representing

the United States. Since Congress authorized the promulgation of these rules, applying them to the government with full force cannot be said to violate the principles of sovereign immunity. *See* 28 U.S.C. § 2072 (1988). *Cf. Barry v. Bowen*, 884 F.2d 442, 444 (9th Cir.1989) (sanction against the government under the Equal Access to Justice Act for failure to pay attorney's fees in a timely fashion inappropriate because, unlike Rules of Civil Procedure, which "can be viewed as an explicit waiver of sovereign immunity," the Act does not specifically authorize such a sanction); *United States v. McPherson*, 840 F.2d 244 (4th Cir.1988) (refusing to consider awarding attorneys' fees under Rule 11 to a pro se plaintiff because 26 U.S.C. § 7430 constituted the only basis for an award of fees).

The government asserts that language in our decision in *Gavilan*, stating that remand for imposition of monetary sanctions under Rule 11 was unnecessary in that case because the government had already been required to pay attorneys' fees under the EAJA, supports its position that sanctions beyond attorneys' fees should not be awarded. We did hold that imposition of further sanctions would serve no useful purpose in that case. We did not hold, however, that the district court lacked jurisdiction to impose such sanctions in a case like this where it believed a purpose would be served by compensating the court rather than the opposing side. Indeed, we have specifically held elsewhere that a sanction "meant not only to compensate [the opposing litigant], but also to deter" future government misconduct in litigation may appropriately be awarded under Fed.R. Civ.P. 37 for violations of discovery orders. *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1371 (9th Cir.1980). A sanction under Rule 11 is no less burdensome to the public fisc, and is similarly in keeping with the principle that the government must conduct its litigation with the same degree of integrity as that expected of other litigants.

Moreover, limiting sanctions under the federal rules to cases where attorneys' fees

are appropriate under the EAJA, or under 26 U.S.C. § 7430 in tax cases, would limit the power of the court to sanction the government only when its adversary prevails on the merits. Such a limit would conflict with any rational application of discovery sanctions and Rule 11 sanctions for improper filings other than pleadings, since such sanctions have no relationship whatsoever to whether the party sanctioned eventually wins or loses. The inappropriateness of such a result reinforces our conclusion that the district court had jurisdiction to impose Rule 11 sanctions in this case.

■ We therefore turn to the merits of the district court's order. Darlene Mattingly filed the underlying action for a personal tax refund. Mattingly had been an employee of NLV Corporation, which operated three casinos in Las Vegas, Nevada. The government filed a counterclaim for $26,437.48, representing an amount which the government alleged the NLV Corporation still owed in tax liabilities. Mattingly had been comptroller of the company, and she was responsible for signing all company checks during the period of her employment. She had been terminated on December 10, 1980, the same day that she signed a check for $237,937.31, paying 90% of the tax liability the government claimed NLV Corporation owed.

When Mattingly filed her refund claim, the Justice Department, as part of its representation of the IRS, received all of the IRS' files on Mattingly and the NLV situation. Those files contained a report summarizing all of the alleged tax liabilities of the corporation, and stating what was known about the roles of the various individuals believed to have been involved in the situation. The file revealed that at the time the tax liability was incurred, Mattingly held the title of comptroller. Her signature was required on all NLV checks. The IRS had asked several people at NLV for information about who made the decisions regarding which creditors would be paid, but those asked had refused, on the advice of counsel, to provide any information in response to IRS inquiries. Among those asked were the individuals whose affida-

vits, filed in support of Mattingly's request for sanctions after the government had conceded on this counterclaim, formed the basis for the district court's conclusion that Mattingly was not a "responsible person" subject to personal liability for NLV's failure to pay its taxes.

Mattingly's position in support of the sanction order is that, because she was fired before the remaining ten percent of the tax liability incurred during her tenure came due, she could not have been a "responsible person" for purposes of that ten percent. Under applicable provisions of the Internal Revenue Code, although NLV's entire withholding liability matured at the end of the 1980 withholding tax period, NLV could temporarily satisfy that liability by paying 90 percent of the amount owed within three business days of the end of the period. By co-signing a check for that 90 percent amount on the third business day following the end of the period, December 10, 1980, Mattingly fulfilled any obligation she incurred while working for NLV. Because she was also terminated on that date, she argues, she could not possibly have had any control over whether NLV paid the remaining ten percent in a timely fashion.

In response, the government contends that Mattingly could still be held liable if she permitted other creditors to be paid during her tenure at NLV, knowing that the company would not be able to pay off the remainder of its tax liability. The district court did not resolve this issue, specifically stating that the facts before it were deficient for it to make a determination on this score. Rather, the district court based its sanction order solely on its conclusion that Mattingly's position did not give her any control over which creditors were paid.

The government ultimately confessed error not because it was satisfied that Mattingly was not a "responsible person" within the meaning of section 6672, but because the government's attorney was able to persuade the IRS to deem the liability paid. This reconsideration was based on the reallocation of a subsequent payment to cover the liability being claimed against Matting-

ly. The IRS had previously used its discretion to apply the subsequent payment to a subsequently incurred liability. This reallocation of payments was the result of a request for reconsideration made by the government's attorney. With the taxes for the period of Mattingly's tenure at NLV paid in full, the government conceded that, whether or not Mattingly was a "responsible person," she was not liable for any unpaid tax.

The question we must decide is whether the district court abused its discretion in holding that the government attorney should not have filed the counterclaim. *Cooter & Gell v. Hartmax Corp.*, —— U.S. ——, 110 S.Ct. 2447, 2457–60, 110 L.Ed.2d 359 (1990). We conclude that the government attorney acted reasonably in filing the counterclaim. It appeared from the files that Mattingly was a "responsible person," since she was required to sign all the checks. The only evidence to the contrary at the time the claim was filed were Mattingly's own assertions concerning the scope of her authority at the company. This evidence alone would not make the pursuit of the claim against her unreasonable. *Sliwa v. Commissioner of Internal Revenue*, 839 F.2d 602, 608 (9th Cir.1988). Nor does counsel's failure to make further inquiries of other NLV employees properly subject him to sanctions on these facts. The IRS file, forwarded to this attorney, revealed that any NLV employees who might have had information concerning who was responsible for payment of the taxes here at issue had already refused, on the advice of counsel, to provide such information to the government. The attorney was entitled to rely on the results of the IRS investigation in filing this claim. *See Unionoil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548, 558 (9th Cir.1986) (attorney may assert a claim in reliance on information provided by forwarding co-counsel), *cert. denied sub nom. Barton v. E.F. Hutton & Co.*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 *and Alioto & Alioto v. E.F. Hutton & Co.*, 484 U.S. 823, 108 S.Ct. 85,

98 L.Ed.2d 47 (1987). The lawyer's conduct in confessing error when it became apparent that the liability was paid was, in our view, commendable. Public censure was inappropriate.

The order of the district court is REVERSED and the matter REMANDED for the district court to VACATE THE ORDER.