989 F.2d 484
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
NARRAGANSETT TRIBE, et al., Plaintiffs, Appellants,
v.
Paul E. GUILBERT, Defendant, Appellee.
 No. 92-1622.
 United States Court of Appeals,
First Circuit.
 March 24, 1993.
 
 Appeal from the United States District Court for the District of Rhode Island
 Mark B. Morse for appellants.
 Bruce N. Goodsell for appellee.
 D.R.I.
 REVERSED.
 Before Breyer, Chief Judge, Brown,* Senior Circuit Judge, and Stahl, Circuit Judge.
 BREYER, Chief Judge.
 
 
 1
 The sole question on this appeal is whether the Narragansett Indian Tribe has sovereign immunity from claims against it for abuse of process and slander of title. We have recently held that the Tribe does possess sovereign immunity. Maynard v. Narragansett Indian Tribe, No. 92-2106, slip. op. at 4 (1st Cir. January 27, 1993). And, that decision requires us to reverse a default judgment entered against the Tribe.
 
 
 2
 * Background
 
 
 3
 On December 6, 1990, the Narragansett Indian Tribe brought a lawsuit in Rhode Island federal court against Paul Guilbert, an adjacent landowner. The Tribe alleged that it held title to Guilbert's property, and it sought to enjoin Guilbert's planned sale of that property. The Tribe also filed a lis pendens (or notice of pendency) with the Charlestown, Rhode Island, Land Evidence Records Office. That filing effectively clouded Guilbert's title to the property and frustrated his efforts to sell it. Guilbert filed an answer to the federal court complaint. That answer included counterclaims for abuse of process and slander of title.
 
 
 4
 The district court issued a temporary restraining order, prohibiting the sale, but, after a hearing, it vacated the TRO and denied the Tribe's motion for a preliminary injunction. Thereafter, counsel for the Tribe moved to withdraw from the case because the Tribe "has insisted upon a course of action that counsel considers imprudent." The district court granted the motion to withdraw. It gave the Tribe one month to secure new counsel. Five months later, the Tribe had not secured counsel. Guilbert then asked the court to dismiss the Tribe's claims, to vacate the lis pendens in the land office, and to enter a default judgment against the Tribe on Guilbert's counterclaims. The district court granted Guilbert's motions and, after a hearing on damages (at which the Tribe was represented by new counsel), it entered a default judgment against the Tribe for about $50,000 (which represented lost profit on a frustrated land sale, some financing costs related to that failed sale, and legal fees incurred in defending against the Tribe's suit). The Tribe appeals the default judgment. It claims that its sovereign immunity renders the default judgment void.
 
 II
 The Default Judgment
 
 5
 Our recent decision in Maynard v. Narragansett Indian Tribe, No. 92-2106 (1st Cir. January 27, 1993), determines the outcome of this appeal. We there held that the Narragansett Indian Tribe possesses sovereign immunity, despite Congress's enactment of the Rhode Island Indian Claims Settlement Act. Id. at 3 (explaining that the Rhode Island Indian Claims Settlement Act subjected the Tribe's lands, but not the Tribe itself, "to the civil and criminal laws and jurisdiction of the State of Rhode Island," 25 U.S.C. § 1708). Controlling case law also makes clear that the Tribe, by filing its suit against Guilbert, did not waive its immunity in respect to the counterclaims. Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 111 S.Ct. 905, 909 (1991); United States v. United States Fidelity & Guar. Co., 309 U.S. 506, 510-12 (1940) (allowing counterclaims only to offset amounts owed under a principal claim, but not to result in a money judgment against the immune entity); cf. Wichita and Affiliated Tribes v. Hodel, 788 F.2d 765, 773-74 (D.C. Cir. 1986) (no waiver of immunity from cross-claims either). Consequently, the district court lacked jurisdiction over Guilbert's counterclaims, see, e.g., J.C. Driskill, Inc. v. Abdnor, 901 F.2d 383, 385 n. 4 (4th Cir. 1990), and its default judgment is void. Fed. R. Civ. P. 60(b)(4); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2862 at 198-200 (1973).
 
 
 6
 We add that we have not considered the relationship of sovereign immunity to Rule 11 sanctions, which the district court mentioned but did not address. Whether the bringing of a suit in federal court waives immunity from such sanctions raises very different considerations not now before us. See, e.g., Mattingly v. United States, 939 F.2d 816, 818-19 (9th Cir. 1991) (Federal Rules of Civil Procedure waive the Federal Government's sovereign immunity from Rule 11 sanctions); Adamson v. Bowen, 855 F.2d 668, 670-71 (10th Cir. 1988) (Equal Access to Justice Act, 28 U.S.C. § 2412(b), waives Federal Government's sovereign immunity from Rule 11 sanctions); United States v. Gavilan Joint Community College Dist., 849 F.2d 1246, 1251 (9th Cir. 1988).
 
 The judgment of the district court is
 
 7
 Reversed.
 
 
 
 *Of the Fifth Circuit, sitting by designation. Judge Brown (now deceased) heard oral argument in this matter, and participated in the semble, but did not participate in the drafting or the issuance of the panel's opinion. The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. § 46(d).