March 24, 1993

[NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1622

NARRAGANSETT TRIBE, ET AL.,
Plaintiffs, Appellants,

v.

PAUL E. GUILBERT,
Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Breyer, Chief Judge,

Brown,* Senior Circuit Judge,

and Stahl, Circuit Judge.

Mark B. Morse for appellants.

Bruce N. Goodsell for appellee.

*Of the Fifth Circuit, sitting by designation. Judge Brown (now
deceased) heard oral argument in this matter, and participated in the
semble, but did not participate in the drafting or the issuance of the
panel's opinion. The remaining two panelists therefore issue this
opinion pursuant to 28 U.S.C. 46(d).

1

BREYER, Chief Judge. The sole question on this

appeal is whether the Narragansett Indian Tribe has

sovereign immunity from claims against it for abuse of

process and slander of title. We have recently held that

the Tribe does possess sovereign immunity. Maynard v.

Narragansett Indian Tribe, No. 92-2106, slip. op. at 4 (1st

Cir. January 27, 1993). And, that decision requires us to

reverse a default judgment entered against the Tribe.

I

Background

On December 6, 1990, the Narragansett Indian Tribe

brought a lawsuit in Rhode Island federal court against Paul

Guilbert, an adjacent landowner. The Tribe alleged that it

held title to Guilbert's property, and it sought to enjoin

Guilbert's planned sale of that property. The Tribe also

filed a lis pendens (or notice of pendency) with the

Charlestown, Rhode Island, Land Evidence Records Office.

That filing effectively clouded Guilbert's title to the

property and frustrated his efforts to sell it. Guilbert

filed an answer to the federal court complaint. That answer

included counterclaims for abuse of process and slander of

title.

The district court issued a temporary restraining

order, prohibiting the sale, but, after a hearing, it

vacated the TRO and denied the Tribe's motion for a

preliminary injunction. Thereafter, counsel for the Tribe

moved to withdraw from the case because the Tribe "has

insisted upon a course of action that counsel considers

imprudent." The district court granted the motion to

withdraw. It gave the Tribe one month to secure new

counsel. Five months later, the Tribe had not secured

counsel. Guilbert then asked the court to dismiss the

Tribe's claims, to vacate the lis pendens in the land

office, and to enter a default judgment against the Tribe on

Guilbert's counterclaims. The district court granted

Guilbert's motions and, after a hearing on damages (at which

the Tribe was represented by new counsel), it entered a

default judgment against the Tribe for about $50,000 (which

represented lost profit on a frustrated land sale, some

financing costs related to that failed sale, and legal fees

incurred in defending against the Tribe's suit). The Tribe

appeals the default judgment. It claims that its sovereign

immunity renders the default judgment void.

II

The Default Judgment

-3-
3

Our recent decision in Maynard v. Narragansett

Indian Tribe, No. 92-2106 (1st Cir. January 27, 1993),

determines the outcome of this appeal. We there held that

the Narragansett Indian Tribe possesses sovereign immunity,

despite Congress's enactment of the Rhode Island Indian

Claims Settlement Act. Id. at 3 (explaining that the Rhode

Island Indian Claims Settlement Act subjected the Tribe's

lands, but not the Tribe itself, "to the civil and criminal

laws and jurisdiction of the State of Rhode Island," 25

U.S.C. 1708). Controlling case law also makes clear that

the Tribe, by filing its suit against Guilbert, did not

waive its immunity in respect to the counterclaims.

Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,

111 S.Ct. 905, 909 (1991); United States v. United States

Fidelity & Guar. Co., 309 U.S. 506, 510-12 (1940) (allowing

counterclaims only to offset amounts owed under a principal

claim, but not to result in a money judgment against the

immune entity); cf. Wichita and Affiliated Tribes v. Hodel,

788 F.2d 765, 773-74 (D.C. Cir. 1986) (no waiver of immunity

from cross-claims either). Consequently, the district court

lacked jurisdiction over Guilbert's counterclaims, see,

e.g., J.C. Driskill, Inc. v. Abdnor, 901 F.2d 383, 385 n. 4

(4th Cir. 1990), and its default judgment is void. Fed. R.

-4-
4

Civ. P. 60(b)(4); 11 Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure 2862 at 198-200 (1973).

We add that we have not considered the

relationship of sovereign immunity to Rule 11 sanctions,

which the district court mentioned but did not address.

Whether the bringing of a suit in federal court waives

immunity from such sanctions raises very different

considerations not now before us. See, e.g., Mattingly v.

United States, 939 F.2d 816, 818-19 (9th Cir. 1991) (Federal

Rules of Civil Procedure waive the Federal Government's

sovereign immunity from Rule 11 sanctions); Adamson v.

Bowen, 855 F.2d 668, 670-71 (10th Cir. 1988) (Equal Access

to Justice Act, 28 U.S.C. 2412(b), waives Federal

Government's sovereign immunity from Rule 11 sanctions);

United States v. Gavilan Joint Community College Dist., 849

F.2d 1246, 1251 (9th Cir. 1988).

The judgment of the district court is

Reversed.

-5-
5