George L. BARRY, Plaintiff–Appellee,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellant.

No. 88–15039.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1989.

Decided Aug. 31, 1989.

John F. Daly, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Harvey P. Sackett, San Jose, Cal., for plaintiff-appellee.

Before SNEED, ALARCON and LEAVY, Circuit Judges.

## OPINION

SNEED, Circuit Judge:

The Secretary of Health & Human Services (HHS) appeals the district court's finding of contempt and imposition of attorney's fees for failing to pay plaintiff counsel's Equal Access to Justice Act (EAJA) fees within thirty days. We reverse.

### I.

*FACTS AND PROCEEDINGS BELOW*

This suit arises from a successful challenge by plaintiff to a policy whereby the Secretary reviewed all decisions made by certain Administrative Law Judges that were favorable to claimants. *See Barry v. Heckler*, 620 F.Supp. 779 (N.D.Cal.1985). In addition, the district court awarded plaintiff's counsel (Sackett) attorney's fees under the EAJA, 28 U.S.C. §§ 2412, 2414 (1982 & Supp. V 1987). *See Barry v. Heckler*, 638 F.Supp. 444 (N.D.Cal.1986), *rev'd in part and aff'd in part*, 825 F.2d 1324 (9th Cir.1987). This court upheld the award of attorney's fees but reduced the hourly rate for the fees. *See Barry v. Bowen*, 825 F.2d 1324, 1334 (9th Cir.1987). The parties stipulated to Sackett's appellate fees in the amount of $4595.11.

On remand, the district court entered an order reducing the attorney's fees for the underlying litigation to conform with this court's decision. On January 4, 1988, the

district court ordered the Secretary to pay the fees and costs awarded in the underlying case within thirty days.

HHS represents that it attempted to insure compliance with this order by informing Social Security Administration personnel that the district court ordered expedited payment. Sackett received payment for the appellate fees authorized by this court within thirty days. When Sackett failed to receive the district court's fee award by February 8, he telephoned the Assistant United States Attorney (AUSA) handling this case and demanded payment. The AUSA contacted the HHS office responsible for authorizing payments and was informed that payment had been authorized and the paperwork forwarded to the Treasury Department for payment. The AUSA relayed this information to Sackett and told him to expect payment shortly. Sackett wrote to the AUSA on February 14, again complaining of the failure to receive his fees and threatening to seek sanctions. In response to a second inquiry, HHS discovered that its Office of Financial Resources (OFR) had authorized payment only for the Ninth Circuit award and not that of the district court. The OFR corrected this error and on February 18, 1988 authorized payment to the Treasury Department. When informed of these developments, Sackett threatened to move for sanctions if he did not receive the check by February 24. Sackett filed a "Motion of Plaintiff for Imposition of Sanctions" on this date. On February 25, Sackett received the second check.

At a short hearing on March 24, 1988, the district court imposed sanctions on HHS of $100 for each day that the fees and costs were not paid after February 4 (which totalled $2,200), plus interest ($41.15), and attorney's fees for the motion for sanctions ($2,767.50). Although the district court's order did not label this a contempt action, at the hearing on the matter, the district court stated that "the Secretary is in contempt." R.T. at 6. Both parties treat the district court's actions as holding the Secretary in contempt. The Secretary appealed.

## II.

## JURISDICTION

The district court had jurisdiction under 42 U.S.C. § 405(g) (1982). This court has jurisdiction under 28 U.S.C. § 1291 (1982).

## III.

## STANDARD OF REVIEW

This court reviews a determination of contempt as well as the award of attorney's fees for abuse of discretion. *See General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379–80 (9th Cir.1986).

## IV.

## ANALYSIS

### A. Sanctions

■ The Secretary first argues that the district court's award of monetary sanctions for contempt violated the sovereign immunity of the United States. Money awards can be imposed against the United States only if there has been an express waiver of sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *Block v. North Dakota*, 461 U.S. 273, 280, 103 S.Ct. 1811, 1816, 75 L.Ed.2d 840 (1983). Sackett has not suggested, nor have we found, anything which suggests that the United States expressly has waived its sovereign immunity with respect to contempt sanctions. Rather, Sackett approaches the waiver issue by invoking analogies. He points out that the sanctions in this case are analogous to those imposed under Fed. R.Civ.P. 11, 37(b), and 60. In each instance, this court has upheld the imposition of sanctions against the government. *See United States v. Gavilan Joint Community College Dist.*, 849 F.2d 1246, 1251 (9th Cir.1988); *United States v. National Medical Enters., Inc.*, 792 F.2d 906, 911 (9th Cir.1986); *Schanen v. United States Dep't of Justice*, 798 F.2d 348, 350 (9th Cir.1986), respectively. Only the court in *Gavilan* discussed the sovereign immunity issue. It said: "[W]e have previously ordered the

Government to pay costs and attorney's fees under Rule 37(b) and 60, and no independent justification exists for barring Rule 11 sanctions under sovereign immunity." 849 F.2d at 1251. The Secretary points out that this analysis is contrary to the general rule enunciated in *Mitchell* and *Block* which requires an express waiver of sovereign immunity. Sackett, on the other hand, argues that EAJA is a waiver broad enough to cover the sanction and fees sought to be recovered here.

We have no desire to call into question the decisions of this court that imposed sanctions on the United States under Fed. R.Civ.P. 11, 37(b), and 60. The rule making procedure which involves Congress perhaps can be viewed as an explicit waiver of sovereign immunity to the application of the rules to the most frequent user of the federal courts, the United States. *See* 28 U.S.C. § 2072 (Supp. V 1987). Doubts assail us, however, when we confront Sackett's argument that consent to be sued for monetary sanctions for failure to pay attorneys' fees owing by reason of EAJA may be found within EAJA itself. The pathway we believe we perceive that embraces rules 11, 37(b), and 60 disappears as we search a landscape that includes EAJA and a multitude of other instances in which sovereign immunity expressly has been waived for purposes not including sanctions.

We have found only one case in which the precise issue we confront has been decided. This case, *In re Newlin,* 29 B.R. 781, 785–86 (E.D.Pa.1983), held that monetary sanctions for contempt could not be imposed. It is true that Sackett cited *Fortin v. Commissioner of Dep't of Pub. Welfare,* 692 F.2d 790 (1st Cir.1982), in which monetary sanctions for contempt were imposed against a state agency over sovereign immunity objections. We are reluctant to apply this case to a situation in which the effort is to impose monetary sanctions against the United States. While it is clear that the states possess sovereignty, it is also true that the supreme sovereign is the United States.

 Should our doubts about the power of the district court to impose monetary sanctions in the case be ill founded, we would reverse nonetheless. Our reason is that in our view the imposition of the contempt sanction was an abuse of discretion. The amount awarded bears no relationship to interest, it having been assessed separately, even though the only contumacious conduct appears to have been a twenty-two day delay in making payment of the fees due Sackett. Nor can we sustain the sanction on the basis that some other unmentioned conduct of the United States was being sanctioned. While it is quite human to employ one incident as a basis for retaliating for harm flowing from an earlier and unrelated one, judicial discretion must not yield to such impulses. Thus, in the absence of any showing of an appropriate reason for such a significant sanction, we hold that the imposition of a $100 per day sanction for twenty-two days was an abuse of discretion.

### B. *Attorney's fees*

Finally, the Secretary contends that the district court abused its discretion in awarding attorney's fees to plaintiff's counsel without entering the appropriate findings required by *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

We need not address this contention. Sackett's failure to prevail in the action for contempt sanctions against the Secretary bars the award of attorney's fees. 28 U.S.C. § 2412(b) (Supp. V 1987). We therefore reverse the award of attorney's fees. Interest in the amount of $41.15 remains a debt of the United States.

Each side shall bear its own costs.

REVERSED.