**In re Ray SHAFER and Sandra Shafer, Debtors.**

**In re Robert SCHNEIDER and Gipsy Schneider, Debtors.**

**In re Darrell WEEKLEY and Karen Weekley, Debtors.**

**In re Clifford SANDERS and Marilyn Sanders, Debtors.**

Nos. 89–4197, 89–4196, 89–4195 and 89–4200.

United States District Court, D. Kansas.

Sept. 21, 1992.

**478**

D. Brad Bailey, Office of U.S. Atty., Topeka, Kan., Martin M. Shoemaker, Office of Special Litigation Tax Div., U.S. Dept. of Justice, Virginia Cronan Lowe, U.S. Dept. of Justice Tax Div., Washington, D.C., for Ray (NMI) Shafer.

Frankie D. Taff, Charles R. Hay, Goodell, Stratton, Edmonds & Palmer, Lloyd C. Swartz, D. Brad Bailey, Office of U.S. Atty., Topeka, Kan., Martin M. Shoemaker, Office of Special Litigation Tax Div., U.S. Dept. of Justice, Virginia Cronan Lowe, U.S. Dept. of Justice Tax Div., Washington, D.C., Joseph I. Wittman, Topeka, Kan., for Robert Schneider and Clifford Sanders.

Frankie D. Taff, Lloyd C. Swartz, D. Brad Bailey, Office of U.S. Atty., Topeka, Kan., Martin M. Shoemaker, Office of Special Litigation Tax Div., U.S. Dept. of Justice, Virginia Cronan Lowe, U.S. Dept. of Justice, Tax Div., Washington, D.C., for Darrell Weekley.

## MEMORANDUM AND ORDER

CROW, District Judge.

■ These consolidated bankruptcy appeals present two issues of law: (1) Do bankruptcy courts have civil contempt power? and (2) Has the United States, by the terms of 11 U.S.C. § 106(c), waived its sovereign immunity from monetary relief? Issues of law are reviewed de novo on appeal. *In re Branding Iron Motel,* 798 F.2d 396, 400 (10th Cir.1986).

These cases involve common and undisputed facts. The debtors received discharges under Chapter 13 or Chapter 7 of the Bankruptcy Code. Thereafter, the United States acting through the Internal Revenue Service or the Department of Housing and Urban Development issued demand notices and, in some instances, even offset refunds in an effort to collect on debts that had been discharged. Through repeated communications, the debtors and their counsel convinced the United States of the errors, and the notices were abated and the offsets corrected. The United States explained to the bankruptcy court that the challenged actions were inadvertent computer errors.

The debtors filed motions to have the United States found in civil contempt for violating the discharge orders and permanent injunctions. The bankruptcy court sustained the motions, awarded attorneys' fees and actual damages, and imposed $250 sanctions against the United States in each case.

■ Since the briefs were filed in this dated appeal, both issues have been the subject of controlling precedent for this court.[1] The Tenth Circuit has held that the bankruptcy courts have civil contempt powers as a result of 11 U.S.C. § 106 and 28 U.S.C. § 157 and that this delegation of power does not offend the Constitution. *In re Skinner,* 917 F.2d 444, 447–50 (10th Cir.1990). In short, the Tenth Circuit decidedly rejected the Ninth Circuit's reasoning in *In re Sequoia Auto Brokers, Ltd.,* 827 F.2d 1281 (9th Cir.1987), upon which the Government relies in the instant ap-

---

**1.** None of the parties filed supplemental briefs      citing or discussing these recent decisions.

peal. The bankruptcy court did not err in concluding it had the power to find a party in civil contempt for violating a discharge order.

■ In February of this year, the Supreme Court construed 11 U.S.C. § 106.[2] *United States v. Nordic Village,* 503 U.S. ——, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). With respect to monetary liability, the Court found that the Government had unequivocally waived its sovereign immunity in subsections (a) and (b), but not in subsection (c). At ——, 112 S.Ct. at 1014–17, 117 L.Ed.2d at 188–191. Unable to read the text of subsection (c) as unambiguously imposing monetary liability on the Government, the Court did not consider legislative history in concluding that sovereign immunity had not been waived. At ——, 112 S.Ct. at 1016, 117 L.Ed.2d at 190. Therefore, § 106(c)[3] is not a basis for finding a waiver of sovereign immunity from monetary liability. *See In re Stuber,* 142 B.R. 435, 438–39 (Bankr.D.Kan.1992) (*Nordic Village* precludes any finding that the government waived its immunity from monetary sanctions under § 106(c) for being in contempt of the automatic stay).[4]

■ Instead of reading § 106(c) as a general waiver to monetary liability, the bankruptcy court reasoned that Congress in waiving sovereign immunity from injunc-

tions under § 106(c) also waived its immunity from any liability for violating the injunctions.[5] Such a proposition is consistent with neither the Supreme Court's interpretation of § 106(c) nor the general case law on sovereign immunity.

■ "The Supreme Court has endorsed the view that Section 106(c) by its terms authorizes declaratory and injunctive relief only." *In re Crook,* 966 F.2d 539, 543 (10th Cir.1992) (citing *Hoffman v. Connecticut Income Maint. Dept.,* 492 U.S. 96, 102, 109 S.Ct. 2818, 2822, 106 L.Ed.2d 76 (1989)), *petition for cert. filed,* 61 U.S.L.W. 3112 (U.S. Aug. 3, 1992) (No. 92–211), and *Nordic Village,* —— U.S. at ——, 112 S.Ct. at 1013, 117 L.Ed.2d at 188–89). The Court in *Nordic Village* favored an interpretation of § 106(c) which did not permit the recovery of monetary relief and said the provision remained effective under this interpretation by giving bankruptcy courts the authority to determine the amount and dischargeability of the estate's liability to the Government. At ——, 112 S.Ct. at 1015, 117 L.Ed.2d at 189. On unassailable terms, the Supreme Court has found that § 106(c) does not waive sovereign immunity from monetary relief. At ——, 112 S.Ct. at 1016, 117 L.Ed.2d at 190. Attorney's fees, actual damages and sanctions against the United States constitutes monetary relief.

---

**2.** Section 106 of the Bankruptcy Code provides: (a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose. (b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate. (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—
   (1) a provision of this title that contains "creditor," "entity," or "governmental unit" applies to governmental units; and
   (2) a determination by the court of an issue arising under such a provision binds governmental units.
11 U.S.C. § 106.

**3.** The bankruptcy court rightly concluded that subsections (a) and (b) did not apply. Since the

government's claim has been fully adjudicated and paid and the bankruptcy estate no longer exists after the discharge, subsections (a) and (b) do not apply. *See In re Leber,* 134 B.R. 911, 191 (Bankr.N.D.Ill.1991); *In re Moulton,* 133 B.R. 248, 251 (Bankr.M.D.Fla.1991).

**4.** Other courts have concluded that the government waived its immunity from monetary liability for violating the automatic stay by virtue of § 106(a). *In re Pinkstaff,* 974 F.2d 113 (9th Cir.1992); *In re Long,* 142 B.R. 234 (Bankr. S.D.Ohio 1992); *Taborski v. U.S. I.R.S.,* 141 B.R. 959, 963–63 (N.D.Ill.1992).

**5.** The logical force of this proposition is built on the related notion that a court's contempt power is ancillary to its authority to grant an injunction. *See Hutto v. Finney,* 437 U.S. 678, 691, 98 S.Ct. 2565, 2573, 57 L.Ed.2d 522 (1978). Even so, this argument misses the mark, for sovereign immunity is waived through express, not implied, statutory terms. See also note 6.

■ Waivers of sovereign immunity can only occur by unequivocal statutory language that is " 'construed strictly in favor of the sovereign,' ... and not 'enlarge[d] ... beyond what the language requires.' " *Nordic Village*, at ——, 112 S.Ct. at 1015, 117 L.Ed.2d at 187–88 (quoting *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951) and *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983)). Waivers of sovereign immunity " 'cannot be implied but must be unequivocally expressed.' " *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969)). Waivers of sovereign immunity are judged from the statutory text exclusively without consideration of legislative history, *See Nordic Village*, —— U.S. at ——, 112 S.Ct. at 1016, 117 L.Ed.2d at 190, the purpose of the statute, *See Ardestani v. INS*, 502 U.S. ——, ——, 112 S.Ct. 515, 520, 116 L.Ed.2d 496, 506 (1991) or equitable concerns, *id.*

In contrast, the bankruptcy court implies a waiver of sovereign immunity from sanctions for violating an injunction as a result of the government's waiver of immunity from injunctive and declaratory relief in § 106(c). Simply because the government has consented to suit and certain relief does not by perforce mean the government has waived its immunity from monetary liability for all sanctions or penalties. *See e.g., Department of Energy v. Ohio*, 503 U.S. ——, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992) (Interpreted the Clean Water Act and Resource Conservation and Recovery Act as waiving sovereign immunity from suit but not from the imposition of punitive fines for past failures to comply and strictly construed statutory language as waiving immunity from only those penalties imposed by the court to enforce its order); *Adamson v. Bowen*, 855 F.2d 668, 670–71 (10th Cir.1988) (Construed the Equal Access to Justice Act as waiving sovereign immunity from actions for attorney's fees pursuant to Rule 11); *U.S. v. State of Wash.*, 872 F.2d 874, 876–77 (9th Cir.1989) (Refused to read the Resource Conservation and Recovery Act of 1976 as impliedly giving the state administrative agencies the authority to impose civil penalties against the federal government). Indeed, courts have considered whether the government expressly waived its immunity from monetary sanctions for contempt violations. *See, e.g., McBride v. Coleman*, 955 F.2d 571, 576 (8th Cir.1992) (Questioned whether the government waived its immunity from compensatory damages awarded for violating a court-ordered injunction), *petition for cert. filed*, —— U.S. ——, 113 S.Ct. 65, 121 L.Ed.2d 32 (1992); *Barry v. Bowen*, 884 F.2d 442 (9th Cir.1989) (Reversed an award of monetary sanctions imposed against the Secretary of Health and Human Services for being in contempt of a court order requiring payment of attorney's fees and costs); *NAACP, Jefferson County Branch v. Brock*, 619 F.Supp. 846, 849 (D.D.C.1985) (Observed that one issue to consider in deciding whether to sanction the Department of Labor for being in contempt of the court injunction was sovereign immunity).[6]

---

**6.** Over Eleventh Amendment objections, the Supreme Court in *Hutto v. Finney*, 437 U.S. at 689–91, 98 S.Ct. at 2572–74, and the First Circuit in *Fortin v. Commissioner of Mass. Dep't of Pub. Welfare*, 692 F.2d 790, 797–98 (1st Cir.1982), upheld contempt sanctions against state agencies. The rationale of these cases is that the power to order contempt fines "is ancillary to the power to order compliance with the law." *Fortin*, 692 F.2d at 798 (citing *Hutto*, 437 U.S. at 691, 98 S.Ct. at 2574). Like the Ninth Circuit in *Barry*, this court is "reluctant to apply th[ese] case[s] to a situation in which the effort is to impose monetary sanctions against the United States. While it is clear that the states possess sovereignty, it is also true that the supreme sovereign is the United States." 884 F.2d at 444.

In fact, both *Hutto* and *Fortin* were concerned with not whether sovereign immunity had been waived but with whether the issuance of contempt fines was a correlative exercise of the federal court's jurisdiction to grant prospective injunctive relief against states. *See Missouri v. Jenkins*, 491 U.S. 274, 279–81, 109 S.Ct. 2463, 2466–68, 105 L.Ed.2d 229 (1989) (Relied on its earlier cases which had held that the Eleventh Amendment barred suits to grant retrospective relief but permitted actions to grant prospective injunctive relief). Simply put, since the award of attorney's fees was ancillary to the court's authority to grant prospective relief against states, there was no need to decide if Congress had made an unequivocal statement of waiver.

By waiving its immunity from injunctive and declaratory relief, the government did not expressly state it would compensate those harmed or pay penalties as a result of its violation of the injunction. Nor is this an instance where the court believes that Congress has waived sovereign immunity over a subject matter and a strict construction of that waiver would frustrate congressional intent. "A clear and unequivocal waiver of anything more cannot be found; a broader waiver may not be inferred." *Department of Energy v. Ohio*, 503 U.S. at ——, 112 S.Ct. at 1635, 118 L.Ed.2d at 269 (citations omitted).

Without contempt sanctions, the bankruptcy court pondered "in what sense the government is 'bound' by bankruptcy injunctions." The availability of contempt sanctions does not affect the extent to which the government is bound, but only the manner by which the injunctions are enforced. Monetary sanctions are undoubtedly effective and can compensate those harmed; nonetheless, they are not the only ways of handling contemptuous behavior. More importantly, general statutory purposes or even equitable concerns are not relevant in deciding if immunity has been waived. *Ardestani*, 502 U.S. at ——, 116 L.Ed.2d at 506. The court is simply not at liberty to find a clear expression of waiver where the Supreme Court has already said none exists.

■ Even so, the court believes the bankruptcy court's award of attorney's fees as a sanction may be upheld. In *Adamson*, the Tenth Circuit concluded that the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b) (1981) waives sovereign immunity on Rule 11 sanctions, including attorney's fees. 855 F.2d at 670–72. The

court focused on the second sentence in § 2412(b), which reads: "The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." The Tenth Circuit gleaned from legislative history a purpose of this provision was to put the federal government on "equal footing" with private litigants. 855 F.2d at 672. It logically follows that the federal government has waived its sovereign immunity to attorney's fees and costs for which it would be liable under a common-law contempt proceeding. *See In re Newlin*, 29 B.R. 781, 786–87 (E.D.Pa.1983) (Upheld attorney's fees award, but not sanctions, against IRS for being in contempt of the automatic stay); *cf. Alliance to End Repression v. City of Chicago*, Nos. 74–C–3268, 75–C–3295, 1991 WL 206056 at *12, 1991 U.S. Dist. LEXIS 14616 at *38 (N.D.Ill. Oct. 3, 1991) (Imposed sanctions against FBI for violation of court decree citing in part § 2412(b)). In *O'Connor v. U.S. Dept. of Energy*, 942 F.2d 771 (10th Cir.1991), the Tenth Circuit held that a bankruptcy court is a "court" under the EAJA and is authorized to award costs and attorney's fees in accordance with the statute. It follows too that the EAJA waiver of liability for attorney's fees also affects bankruptcy court proceedings. Consequently, the court upholds the bankruptcy court's finding of civil contempt and the award of attorney's fees and costs. The award of other actual damages and the imposition of the $250 sanctions are reversed and vacated.

IT IS THEREFORE ORDERED that the bankruptcy court's order of September 12,

---

*Missouri v. Jenkins*, 491 U.S. at 281–82, 109 S.Ct. at 2468. In dealing with the sovereign immunity of the federal government, the prospective-retrospective relief distinction, applied in *Hutto*, is not applicable. *Id.* at 283 n. 4, 109 S.Ct. at 2468 n. 4. Still, the cases do support to some degree the bankruptcy court's premise that contempt powers are a necessary adjunct to granting prospective relief and, therefore, the government impliedly waived immunity to both. The critical question remains, however, whether this reasoning may be used in derogation of the oft-

stated standard that the sovereign immunity of the federal government is waived only by unequivocal expressions strictly construed in favor of the sovereign. Because recent Supreme Court decisions make clear that the rule of narrow construction is controlling, *see, e.g., Department of Energy v. Ohio*, 503 U.S. at ——, 112 S.Ct. at 1639, 118 L.Ed.2d at 273, this court is unable to conclude that § 106(c) expressly waives immunity from sanctions, fees and damages for the violation of an injunction.

1989, is reversed and vacated as to the award of actual damages and the $250 sanctions and is otherwise affirmed on the grounds stated above.